# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | Case Numbers CR 12-0193 JSW |
| v. | And CR 07-0619 WHA (supervised release) |
| Maher Walid Khatib, Defendant. | ORDER OF DETENTION PENDING TRIAL |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on March 27, 2012. Defendant was present, represented by his attorney Assistant Federal Public Defender Shawn Halbert. The United States was represented by Assistant U.S. Attorney Derek Owens. Khatib is charged by Indictment with bank robbery, 18 U.S.C. § 2113(a), and also is charged with violating his supervised release by committing the alleged bank robbery.

### PART I. PRESUMPTIONS APPLICABLE
/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

/ / There is probable cause based upon the indictment to believe that the defendant has committed an offense
   A.    __    for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
   B.    __    under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.

This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

/ X / No presumption applies.

### PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE
/ / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.

/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .
Thus, the burden of proof shifts back to the United States.

### PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE) N/A

### PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION
/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report dated 3/26/12, which were not objected to by either party. The following factors establish that the defendant presents a serious risk of non-appearance and that no condition or combinations of conditions can reasonably mitigate that risk: current charged offense took place while defendant on supervised release for a previous bank robbery conviction; if convicted of current offense, defendant is eligible for sentencing as career offender under U.S.S.G. § 4B1.1; defendant's criminal history includes multiple failures to appear, a contempt of court charge, and a probation violation; defendant is being treated for mental health issues and has repeatedly expressed anxiety in court; defendant jumped off the Bay Bridge and was seriously injured before being arrested on current charges. Under the factors set forth in Fed. R. Crim. P. 32.1(a)(6) and 18 U.S.C. § 3143(a)(1), Khatib also is ordered detained in the supervised release case, as he has not met his burden of proving by clear and convincing evidence that he will not flee or pose a danger to the community.

PART V. DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 28, 2012

NATHANAEL COUSINS
United States Magistrate Judge